JUDGE FAILLA

14 CV 3306

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARRIEN GRANT,

                Plaintiff,

    -against-

CITY OF NEW YORK, DARTRAY BELK,
Individually, JEAN JOSEPH, Individually,
ANTHONY MANGANO, Individually, and
EFRAIN SANTIAGO, Individually,

                Defendants.

**COMPLAINT**

Docket No.

**Jury Trial Demanded**



(RECEIVED MAY -7 2014 U.S.D.C. S.D.N.Y. CASHIERS)

---

Plaintiff DARRIEN GRANT, by his attorney, The Trainor Law Firm, P.C., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, which are secured by these statutes and the Constitutions of the United States and the State of New York. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. This Court has jurisdiction to hear all claims in this matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

4. Venue is properly laid in the Southern District of New York pursuant to 28 U.S.C.

§ 1391(b) because this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on all issues in this matter pursuant to Federal Rule of Civil Procedure 38(b).

## PARTIES

6. Plaintiff DARRIEN GRANT is a nineteen-year-old United States Citizen and African-American male who resides in New York, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants, DARTRAY BELK (Shield No. 15111), JEAN JOSEPH (Shield No. 5238), ANTHONY MANGANO (Shield No. 27338), and EFRAIN SANTIAGO (Shield No. 18634), were duly sworn police officers of the NYPD and were acting under the supervision of the NYPD and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages, and/or practices of the State of New York and/or the CITY OF NEW YORK.

11. Each and all of the defendants' acts alleged herein were done by these defendants

2

while acting within the scope of their employment with Defendant CITY OF NEW YORK.

## FACTS

12. On September 21, 2013, at approximately 10:30 p.m., Plaintiff Darrien Grant was lawfully present in the vicinity of 1430 Amsterdam Avenue, New York, New York, when Defendants Mangano, Belk, Joseph, and Santiago, without any lawful justification whatsoever, unlawfully assaulted him and illegally arrested and imprisoned him.

13. Before, during, and after the defendants beat him up and arrested him, Mr. Grant committed no crime or offense. Likewise, at all times relevant to these events, Mr. Grant was not behaving in a manner that would suggest to any reasonable police officer that Mr. Grant had done anything unlawful.

14. At the aforementioned time and place, Mr. Grant had just left a party. While he was walking home from the party, upon information and belief, Defendant Mangano accosted Mr. Grant and began punching Mr. Grant repeatedly in the face and head with closed fists. Mr. Grant was simply walking home and did nothing to warrant Defendant Mangano's unprovoked and unlawful assault. As a result of Defendant Mangano's assault upon him, Mr. Grant fell to the concrete floor.

15. While Mr. Grant was on the floor defenseless, in pain and beaten down, Defendant Mangano stomped on Mr. Grant's head with his foot, causing Mr. Grant's head to bang against the concrete floor.

16. While Mr. Grant remained on the concrete floor in substantial pain and defenseless, upon information and belief, Defendants Santiago and Joseph began kicking him without any lawful justification.

17. Thereafter, Defendant Belk assaulted Mr. Grant without any lawful justification,

including, but not limited to, placing his knee forcibly on Mr. Grant's back and applying pressure while twisting Mr. Grant's arm around forcibly, despite the fact that Mr. Grant was on the floor, in pain and beaten down, and was not swinging, flailing, or tightening his arms, and was in no way whatsoever resisting Defendant Belk.

18. Despite lacking probable cause, reasonable suspicion, and having no justification whatsoever, Defendant Belk placed handcuffs on Mr. Grant's wrists and unlawfully arrested him.

19. While Mr. Grant remained handcuffed and in substantial pain from the beating that the defendants gave him, upon information and belief, another NYPD officer pepper sprayed the vicinity in which Mr. Grant was being held, which caused him to start choking, gasping for air, and feeling effects akin to asphyxiation, all the while he was on the floor, rear-handcuffed, and completely beaten down.

20. Upon handcuffing Mr. Grant, Defendant Belk lifted Mr. Grant off of the floor and placed him in an NYPD vehicle, and transported him to an NYPD Precinct, where he remained unlawfully imprisoned and in pain, suffering the effects of being violently assaulted by the defendants.

21. As a result of the defendants' violent and illegal assault upon him, Mr. Grant sustained the following injuries, including, but not limited to: large contusions, swelling, and bleeding on his forehead, around his right eye, shoulders, elbows, knees, legs, and lip; scarring of his right shoulder blade; substantial muscle and joint pain; persistent discomfort; physical and psychological torment and distress; and further physical and psychological injuries yet to be revealed. Mr. Grant eventually sought treatment for his injuries at Harlem Hospital after being released from custody.

22. Upon processing Mr. Grant's arrest at the NYPD Precinct, the defendants transported Mr. Grant to the Manhattan Detention Complex, where he remained unlawfully imprisoned until he was brought before the New York County Criminal Court for arraignment on the baseless charges filed under docket number 2013NY073438. These charges were filed based upon the false allegations of Defendant Joseph, who was informed by the false allegations of Defendant Belk.

23. Defendants Joseph and Belk manufactured the underlying false allegations and forwarded this information to the District Attorney's Office knowing that it would be used against Mr. Grant at trial.

24. In the evening hours of September 22, 2013, Mr. Grant was arraigned on the false charges filed under docket number 2013NY073438. Upon arraignment, the presiding Criminal Court judge released Mr. Grant on his own recognizance.

25. Prior to his release at arraignment, Mr. Grant spent approximately twenty-one (21) hours falsely imprisoned.

26. The defendants arrested and initiated criminal proceedings against Mr. Grant despite their knowledge that they lacked probable cause, reasonable suspicion, or any justification whatsoever to do so.

27. The defendants initiated this prosecution for the purpose of covering up their unlawful and unjustified assault upon Mr. Grant.

28. This false arrest and denial of Mr. Grant's fair trial rights compelled him to return to the New York County Criminal Court to face these false charges on November 13, 2013, when, upon the application of the District Attorney's Office, the case was adjourned in contemplation of dismissal pursuant to New York Criminal Procedure Law § 170.55.

29. All of the events leading up to and culminating in Mr. Grant being subjected to excessive force and false arrest occurred while other NYPD officers, including, but not limited to, the individually named defendants, either participated in or failed to intervene in the illegal conduct described herein despite having every opportunity to do so.

30. All of these events occurred as a direct result of the unconstitutional policies, customs, or practices of Defendant CITY OF NEW YORK, including, but not limited to, the inadequate screening, hiring, retaining, training, promoting, compensating, disciplining, and supervising of its employees.

31. The underlying application of excessive force, false arrest, and denial of the right to fair trial is not an isolated incident. Defendant CITY OF NEW YORK is aware, from lawsuits, notices of claims, press accounts, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board, that many NYPD officers, including the defendants, abuse their authority and are insufficiently trained regarding the application of force in light of the facts and circumstances confronting them in the course of citizen-police encounters and what constitutes probable cause for an arrest. Further, these officers routinely apply excessive force in the course of these encounters while their fellow police officers either actively participate in or fail to intervene to prevent this unconstitutional conduct; and, upon applying such force, these officers engage in falsification, including, but not limited to, charging victimized citizens with resisting arrest and disorderly conduct. See, e.g., Graham v. City of New York, 928 F. Supp. 2d 610 (E.D.N.Y. Mar. 6, 2013) (lawsuit against the City of New York and individual NYPD officers for the officers' use of excessive force and violation of civil rights); Rodriquez v. City of New York, 10 Civ. 9570 (PKC) (KNF), 2012 WL 1658303, at *1 (S.D.N.Y. May 10, 2012) (same); Tucker v. City of New York, 704 F. Supp. 2d

347 (S.D.N.Y. 2010) (same); Williams v. City of New York, 06-CV-6601 (NGG), 2009 WL 3254465, at *1 (E.D.N.Y. Oct. 6, 2009) (same); Stroe v. City of New York, 02 CV 1036 (RRM) (LB), 2008 WL 4513823, at *1 (E.D.N.Y. Sept. 26, 2008) (same). See also Robert Gearty, Bronx man suing NYPD for excessive force for a rough arrest captured on cell phone video, N.Y. DAILY NEWS, Sep. 10, 2012, http://www.nydailynews.com/new-york/bronx/bronx-man-suing-nypd-excessive-force-rough-arrest-captured-cell-phone-video-article-1.1156308 (A Bronx man sued the City of New York and the individual NYPD officers for excessive force: "The video lasts about one minute and appears to show then 19-year-old Luis Solivan being pummeled in the face several times by one officer as the other cop pinned him down. . . . [T]he two officers chased Solivan into his home for no reason, pepper-sprayed him and beat him with their hands and a walkie-talkie. Solivan's mother and two younger brothers were in the University Avenue apartment at the time. After Solivan was hand-cuffed, he was kicked and his head was thrust into a wall so hard the impact left a hole . . . ."); Daniel Beekman, Man wins $2.5 million in lawsuit against NYPD cops over using excessive force, N.Y. DAILY NEWS, Dec. 19, 2013, http://www.nydailynews.com/new-york/man-wins-2-5m-suit-nypd-article-1.1552534 (The plaintiff sued the City of New York and the individual NYPD officers and the jury awarded him $2,500.000.00 in damages at trial because an NYPD officer "threw him down and kicked him in the knee," causing a ripped ligament and serious knee damage, simply because the plaintiff was watching a fight outside of a bar.); Kevin Deutsch, Lawyer for drug suspect who was beaten by cops demands special prosecutor, N.Y. DAILY NEWS, Feb. 6, 2012, http://www.nydailynews.com news/crime/lawyer-drug-suspect-beaten-cops-demands-special-prosecutor article1.1018037 #ixzz2vs7snZ6M (describing the case of Jateik Reed, who was brutally assaulted by NYPD officers in the Bronx and the incident was captured on video). See also NEW YORK CITY

Civilian Complaint Review Board, "Bi-Annual Report, January - June 2013 Report," http://www.nyc.gov/html/ccrb/downloads/pdfCCRBsemi2013_jan_June.pdf ("In the first half of 2013, excessive use of force was alleged in 55% of complaints compared to 49% in 2012 . . . ."); New York City Civilian Complaint Review Board, "2012 Annual Report," http://www.nyc.gov/html/ccrb/downloads/pdf/ccrb_annual_2012.pdf ("In 2012, 50% of all complaint contained one or more force allegations, compared to 48% in 2011.").

32. Defendant CITY OF NEW YORK is further aware that such conduct and improper training has often resulted in deprivations of civil rights. Despite such notice, Defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the defendants to violate Mr. Grant's civil rights.

33. Moreover, upon information and belief, Defendant CITY OF NEW YORK was aware that, prior to this incident, the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, Defendant CITY of NEW YORK has retained these officers and failed to adequately train and supervise them.

34. As a result of the foregoing, Plaintiff DARRIEN GRANT has sustained, among other damages, physical injuries, substantial pain, mental injuries, emotional distress, embarrassment, humiliation, fear and fright, and deprivation of his constitutional rights and liberty.

## FEDERAL CLAIMS

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of the defendants, their agents, servants, and employees were carried out under the color of state law.

37. All of these aforementioned acts deprived Plaintiff DARRIEN GRANT of the rights, privileges, and immunities guaranteed to United States citizens by the Fourth and Fourteenth Amendments to the United States Constitution and were in violation of 42 U.S.C. § 1983.

38. The acts complained of were carried out by the individual defendants in their capacity as police officers, with the entire actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the individual defendants in their capacity as police officers, pursuant to the customs, usages, practices, procedures, and the rules of Defendant CITY OF NEW YORK and the NYPD, all under the supervision of ranking officers of the NYPD.

40. The defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

41. As a result of the foregoing, Plaintiff DARRIEN GRANT is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The defendants arrested Plaintiff DARRIEN GRANT without probable cause or legal privilege, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

44. The defendants caused Plaintiff DARRIEN GRANT to be falsely arrested and unlawfully imprisoned, resulting in Plaintiff being put in fear for his safety, humiliated, embarrassed, afraid, and deprived of his liberty.

45. As a result of the foregoing, Plaintiff DARRIEN GRANT is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The defendants employed force against Plaintiff DARRIEN GRANT that was excessive, objectively unreasonable, and in a clear violation of Plaintiff's constitutional rights.

48. At no time did Plaintiff DARRIEN GRANT pose a threat to the safety of the defendants or anyone else, nor resist or attempt to evade arrest in anyway whatsoever.

49. As a result of the defendants' conduct, Plaintiff DARRIEN GRANT was

subjected to excessive force and sustained physical injuries, including, but not limited to: large contusions, swelling, and bleeding on his forehead, around his right eye, shoulders, elbows, knees, legs, and swollen lip; scarring of his right shoulder blade; substantial muscle and joint pain; persistent discomfort; physical and psychological torment and distress; and further physical and psychological injuries yet to be revealed.

50. As a result of the foregoing, Plaintiff DARRIEN GRANT is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Denial of the Right to Fair Trial under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. The defendants falsified the information against Plaintiff DARRIEN GRANT likely to influence a jury's decision and forwarded this false information to the District Attorney's Office for use in the underlying prosecution of Plaintiff.

53. The defendants caused Plaintiff DARRIEN GRANT to be prosecuted upon the false information that they submitted to the District Attorney's Office until the underlying prosecution was adjourned in contemplation of dismissal on November 13, 2013, pursuant to New York Criminal Procedure Law § 170.55.

54. As a result of the foregoing, Plaintiff DARRIEN GRANT is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     The defendants had an affirmative duty to intervene on behalf of Plaintiff DARRIEN GRANT, whose constitutional rights were being violated in their presence by other officers, including, but not limited to, the individual defendants.

57.     The defendants failed to intervene to prevent the unlawful conduct described herein despite having every opportunity to do so.

58.     As a result of the foregoing, Plaintiff DARRIEN GRANT was subjected to excessive force, false arrest, denial of his right to a fair trial, his liberty was restricted for an extended period of time, he was put in fear for his safety, he was physically brutalized and in pain, and he was humiliated and subjected to handcuffing, other physical restraints, and ultimately an extended period of imprisonment.

59.     As a result of the foregoing, Plaintiff DARRIEN GRANT is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

60.     All of the foregoing acts by defendants deprived Plaintiff DARRIEN GRANT of federally protected rights, including, but not limited to, the right:

        A.     To be free from deprivation of civil rights and liberty;

        B.     To be free from false arrest/unlawful imprisonment;

      C.      To be from excessive force;

      D.      To be free from denial of the right to a fair trial; and

      D.      To be free from the failure to intervene.

61. As a result of the foregoing, Plaintiff DARRIEN GRANT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## STATE LAW CLAIMS

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Within ninety (90) days after the claim herein accrued, Plaintiff duly served upon, presented to, and filed with, the CITY OF NEW YORK, a Notice of Claim setting forth all the facts and information required under the General Municipal Law 50-e.

64. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof, and more than thirty (30) days have elapsed since the presentation of such claim to the CITY OF NEW YORK.

65. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

66. Plaintiff has complied with all conditions precedent to maintaining this action.

67. This action falls within one or more of the exceptions outlined in CPLR § 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. As a result of the defendants' conduct, Plaintiff DARRIEN GRANT was placed in apprehension of imminent harmful and offensive bodily contact.

70. As a result of the defendants' conduct, Plaintiff DARRIEN GRANT has suffered pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

71. As a result of the foregoing, Plaintiff DARRIEN GRANT is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. The defendants made offensive contact with Plaintiff DARRIEN GRANT by forcibly touching him, punching him, kicking him, kneeing him, handcuffing him, physically detaining him, and searching him without legal privilege or consent.

74. As a result of the defendants' conduct, Plaintiff DARRIEN GRANT has suffered substantial pain and physical injury, including, but not limited to, large contusions, swelling, and bleeding on his forehead, around his right eye, shoulders, elbows, knees, legs, and swollen lip; scarring of his right shoulder blade; substantial muscle and joint pain; persistent discomfort;

physical and psychological torment and distress; mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation; and further physical and psychological injuries yet to be revealed.

75. As a result of the foregoing, Plaintiff DARRIEN GRANT is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

76. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "75" with the same force and effect as if fully set forth herein.

77. The defendants arrested Plaintiff DARRIEN GRANT without probable cause or legal privilege.

78. The defendants detained Plaintiff against his will for an extended period of time and subjected him to physical restraints.

79. As a result of the defendants' conduct, Plaintiff was unlawfully imprisoned in violation of the laws of the State of New York.

80. As a result of the foregoing, Plaintiff DARRIEN GRANT has suffered physical injury and pain, and mental injury, together with shock, fright, apprehension, embarrassment, humiliation, and loss of freedom.

81. As a result of the foregoing, Plaintiff DARRIEN GRANT is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

84. As police officers with the NYPD, the individual defendants were employees of Defendant CITY OF NEW YORK and were acting within the scope of their employment when they engaged in the wrongful conduct described herein.

85. As a result of the defendants' conduct, Plaintiff DARRIEN GRANT has suffered substantial pain and physical injury, and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation, and an extended period of unlawful imprisonment and deprivation of his liberty.

86. As a result of the foregoing, Plaintiff DARRIEN GRANT is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff DARRIEN GRANT demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 7, 2014

                                   Respectfully submitted,

                                   **THE TRAINOR LAW FIRM, P.C.**
                                   419 Lafayette Street, 2nd Floor
                                   New York, New York 10003
                                   (212) 300-6557

                                   By: _____
                                       CRAIG TRAINOR (CT 1823)

                                   Attorney for Plaintiff DARRIEN GRANT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DARRIEN GRANT,

                  Plaintiff,

-against-

CITY OF NEW YORK, DARTRAY BELK, Individually, JEAN JOSEPH, Individually, ANTHONY MANGANO, Individually, and EFRAIN SANTIAGO, Individually,

                  Defendants.

Docket No.

# COMPLAINT

THE TRAINOR LAW FIRM, P.C.
Attorney for Plaintiff
419 Lafayette Street, 2nd Floor
New York, New York 10003
(212) 300-6557